Filed 3/23/23  P. v. Roehrich CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096399 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF04974) |
| v. | |
| GERALD ROEHRICH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gerald Roehrich filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

BACKGROUND

On January 7, 2022, defendant resolved the case against him by pleading no contest to felony grand theft of property from a person (Pen. Code, § 487, subd. (c))[1] and admitting he had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12). In exchange, he received dismissal of the remaining charge and enhancement. The stipulated factual basis for his plea was to be taken from the probation report.

At a hearing on February 17, 2022, defendant was referred for a determination of his suitability/eligibility for mental health diversion.

At the sentencing hearing on May 19, 2022, defendant withdrew his request for mental health diversion, and the trial court elected not to strike defendant's prior strike and stated that even if it could grant probation, it would not. The court then determined defendant's prior convictions were numerous (citing 12 felony and two misdemeanor convictions), he had served prior prison sentences, he was on probation when the theft was committed, and his prior performance on probation was unsatisfactory.[2] The court weighed these aggravating circumstances against defendant's possible mental health and substance abuse problems (as well as factors to be considered under § 1170, subd. (b)(6)) and found imposition of a lower term would be contrary to the interests of justice. Instead, the court imposed the upper term of six years (three years doubled because of the prior strike) with credit for 238 actual days, plus 238 conduct days for a total of 476 days' custody credit.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant did not object that some of these findings failed to comply with amendments constraining the trial court's ability to determine factors in aggravation (§ 1170, subd. (b)(2)-(3)) and, thus, has forfeited appellate arguments concerning the trial court's noncompliance. (*People v. Scott* (1994) 9 Cal.4th 331, 351; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684, review granted Oct. 12, 2022, S276237.)

Finally, the trial court imposed a $30 conviction assessment fee (Gov. Code, § 70373), a $40 court operations assessment fee (§ 1465.8), a $300 restitution fine (§ 1202.4), a suspended $300 parole revocation restitution fine (§ 1202.45), and a theft fine (§ 1202.5) plus penalty assessments totaling $39. Defendant timely appealed and did not request a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
HULL, J.

3